Chief Judge KOZINSKI,
dissenting:
I agree with Judge O’Scannlain that a foreign sovereign doesn’t engage in commercial activity in the United States when a subagent over which it exercises no direct control sells tickets for passage on a common carrier wholly owned by that sovereign. But there is another, simpler way to affirm the district court. Because plaintiffs claim arises from events that transpired entirely in Austria, it isn’t “based upon” commercial activity carried on in the United States. 28 U.S.C. § 1605(a)(2). This would be true even if Austria were itself selling train tickets from a kiosk in Times Square.
The majority holds that all of plaintiffs claims are based on domestic commercial activity, relying on our eases requiring that only “ ‘an element ’ ” of the claim consist of such activity. Maj. op. at 599 (quoting Sun v. Taiwan, 201 F.3d 1105, 1109 (9th Cir.2000)). But an en banc court can overrule circuit law; in fact, that’s the principal reason for taking a case en banc. *612 See Atonio v. Wards Cove Packing Co., 810 F.2d 1477, 1479 (9th Cir.1987) (en banc). Because these earlier cases conflict with Supreme Court precedent, we should take the opportunity to sweep them aside.
The Supreme Court has addressed what it means for a claim to be “based upon” commercial activity only once. In Saudi Arabia v. Nelson, 507 U.S. 349, 113 S.Ct. 1471, 123 L.Ed.2d 47 (1993), the Court observed that “the phrase is read most naturally to mean those elements of a claim that, if proven, would entitle a plaintiff to relief under his theory of the case.” Id. at 357, 113 S.Ct. 1471. Nelson emphasized the limited scope of its holding: “We do not mean to suggest that the first clause of § 1605(a)(2) necessarily requires that each and every element of a claim be commercial activity by a foreign state, and we do not address the case where a claim consists of both commercial and sovereign elements.” Id. at 358 n. 4, 113 S.Ct. 1471. Some of our cases have misread this holding — that a claim can be based upon commercial activity even if proving that activity won’t establish every element of the claim^ — for an endorsement of the converse proposition — that a claim is based upon commercial activity so long as proving that activity will establish at least one element of the claim. See, e.g., Sun, 201 F.3d at 1109; Sugimoto v. Exportadora De Sal, S.A. De C.V., 19 F.3d 1309, 1311 (9th Cir. 1994).
This broad interpretation of the “based upon” requirement runs contrary to our “background rule that foreign states are immune from suit,” subject only to “narrow exceptions.” Peterson v. Islamic Republic of Iran, 627 F.3d 1117, 1125 (9th Cir,2010). It also invites plaintiffs’ lawyers to manufacture jurisdiction through artful pleading.
An action can frequently be brought under multiple theories; as plaintiffs negligence, breach-of-eontract and product-liability claims amply demonstrate. Each of these theories accords plaintiffs plenty of opportunity to find at least one element involving domestic commercial conduct. For example, the Supreme Court observed in Sosa v. Alvarez-Machain, 542 U.S. 692, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004), that “ ‘[i]t will virtually always be possible to assert that the negligent activity that injured the plaintiff [abroad] was the consequence of faulty training, selection or supervision ... in the United States.’ ” Id. at 702, 124 S.Ct. 2739 (second alteration in original) (quoting Beattie v. United States, 756 F.2d 91, 119 (D.C.Cir.1984) (Scalia, J., dissenting)). Sosa considered a claim under the Federal Tort Claims Act (FTCA) arising out of plaintiffs abduction in Mexico. Although the Court recognized that negligent acts or omissions during the planning stages in the United States may have contributed to the injury, this was not sufficient to overcome the FTCA’s exclusion of “[a]ny claim arising in a foreign country.” 28 U.S.C. § 2680(k).
This mode of analysis applies with even greater force when we are dealing with suits against foreign sovereigns. Earlier this year, the Supreme Court cited “the danger of unwarranted judicial interference in the conduct of foreign policy” in holding that the Alien Tort Statute did not automatically apply to violations of the law of nations that occur within the territory of a foreign sovereign. Kiobel v. Royal Dutch Petroleum Co., — U.S.-, 133 S.Ct. 1659, 1664, 185 L.Ed.2d 671 (2013). Similarly, in Morrison v. Nat’l Australia Bank Ltd., 561 U.S. 247, 130 S.Ct. 2869, 177 L.Ed.2d 535 (2010), the Court interpreted Section 10(b) of the Securities Exchange Act of 1934 as inapplicable to transactions that neither occurred in the United States nor involved securities listed on U.S. exchanges. Id. at 2886. Although *613 the government argued that the term “in connection with the purchase or sale of any security registered on a national securities exchange” should be read more broadly, the Court reasoned that “it is a rare case of prohibited extraterritorial application that lacks all contact with the territory of the United States. But the presumption against extraterritorial application would be a craven watchdog indeed if it retreated to its kennel whenever some domestic activity is involved in the case.” Id. at 2884 (emphasis in original).
The Nelson Court recognized the perils of an overly permissive reading of the FSIA’s “based upon” requirement when it rejected plaintiffs failure-to-warn claim as a “semantic ploy” designed to dress up what was, at its heart, an intentional tort claim based on conduct that occurred exclusively in Saudi Arabia. Nelson, 507 U.S. at 863, 113 S.Ct. 1471. It didn’t dispute that the commercial activity would prove one element of a failure-to-warn claim, but recognized that “[t]o give jurisdictional significance to this feint of language would effectively thwart the Act’s manifest purpose to codify the restrictive theory of foreign sovereign immunity.” Id.
Our case illustrates the expansive sweep of the majority’s approach. Plaintiff had a train ticket to travel from Austria to the Czech Republic. She was injured due to defendant’s alleged negligence when she tried to board. The injury and any negligence occurred in Austria. But, because plaintiff happened to buy her ticket online from a vendor in Massachusetts, a federal court in California now asserts power to hale the Austrian government before it and make it defend against a claim based on facts that occurred in Austria. This makes as much sense as forcing Mrs. Pals-graf to litigate her case in Vienna.
As the Sosa Court recognized with respect to the FTCA, a critical element in this analysis is proximate causation, with jurisdiction hinging on whether “the act or omission [in the United States] was sufficiently close to the ultimate injury, and sufficiently important in producing it, to make it reasonable to follow liability back to tfie [domestic] behavior.” Sosa, 542 U.S. at 703, 124 S.Ct. 2739. “[Understanding that California planning was a legal cause of the harm in no way eliminates the conclusion that the claim here arose from harm proximately caused by acts” abroad. Id. at 704, 124 S.Ct. 2739. Because plaintiff hasn’t shown a sufficient nexus between her purchase and the injury, we have no jurisdiction over Austria. I would affirm the district court on that basis. See Weiser v. United States, 959 F.2d 146, 147 (9th Cir.1992) (“Our review is not limited to a consideration of the grounds upon which the district court decided the issues; we can affirm the district court on any grounds supported by the record.”).